# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
COOK, TELLITOCCI, and HAIGHT
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist QUANDRIAN J. ELDER**
**United States Army, Appellant**

ARMY 20111130

Headquarters, III Corps and Fort Hood
Patricia H. Lewis, Military Judge
Lieutenant Colonel Craig E. Merutka, Acting Staff Judge Advocate (pretrial)
Colonel Stuart W. Risch, Staff Judge Advocate (post-trial)

For Appellant: Captain A. Jason Nef, JA; Captain Brian D. Andes, JA (on brief).

For Appellee: Colonel John P. Carrell, JA; Lieutenant Colonel James L. Varley, JA; Major Catherine L. Brantley, JA; Captain Rachael T. Brant, JA (on brief).

24 July 2014

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A special court-martial composed of a panel of officers and enlisted members convicted appellant, contrary to his pleas, of two specifications of assault consummated by battery in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for one year, forfeiture of $978.00 pay per month for 12 months, and reduction to the grade of E-1.

This case is before us pursuant to Article 66, UCMJ. Appellant raises one assignment of error, which merits discussion and relief.[1]

_____

[1] Appellant also personally raises several issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), none of which merits discussion or relief.

## BACKGROUND

Appellant's trial concluded on 12 December 2011. The record of trial was transcribed and provided to defense counsel for review on 17 October 2012. Defense counsel completed his review on 23 October 2012. Two weeks later, the record was presented to the military judge who authenticated the record on 2 December 2012, approximately one month after receipt and almost a year after the completion of appellant's trial. The staff judge advocate (SJA) signed his post-trial recommendation (SJAR) over a month later on 9 January 2013 and served it on appellant and defense counsel on 11 January 2013.

On 19 February 2013, one of appellant's defense counsel, Major (MAJ) MW, submitted supplemental clemency matters to the original matters[2] submitted by appellant's other defense counsel, Captain CS, in May 2012. In his supplemental matters, MAJ MW alleged appellant had been prejudiced by the dilatory post-trial processing of his case. In his addendum to the SJAR, the SJA identified the issue as one that may represent an allegation of legal error, but disagreed that legal error had occurred and recommended the convening authority take no corrective action. The convening authority took action on appellant's case on 4 March 2013, approving the adjudged sentence.

## LAW AND DISCUSSION

In his assigned error, appellant alleges:

> THE DILATORY POST-TRIAL PROCESSING OF [APPELLANT'S] CASE WARRANTS RELIEF BECAUSE IT TOOK 419 DAYS FROM COMPLETION OF TRIAL TO ACTION IN A CASE WHERE THE RECORD OF TRIAL WAS 425 PAGES IN LENGTH.

Taking 419 days to process appellant's case from trial completion to action is presumptively unreasonable.[3] *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F.

---

[2] Original clemency matters were submitted in May 2012, eight months before the SJA completed the SJAR. *See* Rule for Courts-Martial [hereinafter R.C.M.] 1105(c)(1). However, defense counsel reserved the right to submit additional matters following the SJAR. *See* R.C.M. 1105(d)(2).

[3] Twenty-nine days were subtracted from the 448 days (12 December 2011 – 4 March 2013) to move this case from completion of trial to action due to defense delay in submitting the supplemental R.C.M. 1105/1106 matters.

2006). In the face of this lengthy delay, our next step is to apply and balance the four factors set out in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether appellant's due process rights were violated. *See Moreno*, 63 M.J. at 136.

As for the first factor, the length of the delay, 419 days, far exceeds the 120-day presumption of unreasonableness. *Id.* at 142. As for the second factor, reasons for the delay, we reviewed the affidavits prepared by the chief of military justice and the senior court reporter which were included in the record as government appellate exhibits. *Id.* at 136. Since the biggest portion of the 419-day delay was caused by the 310 days it took to transcribe a 425-page record of trial, we specifically examined the explanation for this delay and found it unpersuasive.[4] *See United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011) ("[P]ersonnel and administrative issues . . . are not legitimate reasons justifying otherwise unreasonable post-trial delay.").

Although we find the first two factors favor appellant, the last two *Barker* factors do not favor appellant. *See Moreno*, 63 M.J. at 138. Specifically, although appellant did assert his right to a speedy trial as part of his supplemental R.C.M. 1105/1106 submission, he waited over 400 days after his trial ended to do so.

Finally, we find appellant has not established prejudice as a result of this delay. *Id.* at 138-41. In his supplemental clemency submission, appellant alleged prejudice because the delay in post-trial processing "detrimentally affected his ability to seek full clemency" from the convening authority, to include his ability to ask "for a reduction in his period of confinement, for example."[5] We are not persuaded by this speculative argument. In fact, the only sentence relief appellant requested in his initial clemency matters was "disapprov[al] . . . of the forfeiture of pay and bad-conduct discharge," and *not* a reduction in confinement. Furthermore,

---

[4] The senior installation court reporter explained that the "court reporter section" at Fort Hood was faced with a shortage of court reporters due to a variety of circumstances, including deployments, leave, medical problems, and additional duties that were assigned to court reporters. The chief of military justice detailed the processing after transcription was complete, including difficulty discerning the correct forwarding address for appellant.

[5] The convening authority did not take action in appellant's case until nearly one year and three months had elapsed since appellant was sentenced to confinement for one year. Defense counsel, in his supplemental clemency matters, asserted that appellant was released after serving nine months of confinement.

we find no prejudice after specifically reviewing each of the three sub-factors[6] found in *Moreno*, nor do we find the post-trial processing was "so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *Id*.; *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006).

Pursuant to our authority under Article 66(c), UCMJ, however, we have the authority to grant appropriate relief in cases where we have not found actual prejudice to the appellant, but "unreasonable and unexplained post-trial delays" are present. *United States v. Tardif*, 57 M.J. 219, 220 (C.A.A.F. 2002); *see United States v. Ney*, 68 M.J. 613, 617 (Army Ct. Crim. App. 2010); *United States v. Collazo*, 53 M.J. 721, 727 (Army Ct. Crim. App. 2000).

In finding the 419-day delay associated with this case to be unreasonable, we recognize the government has specifically attempted to offer an explanation for the most egregious portion of the delay, the 310 days it took to transcribe a 425-page record of trial. However, we ultimately find the fourteen-month delay still warrants relief and will grant such in our decretal paragraph.

## CONCLUSION

The findings of guilty are AFFIRMED. After considering the entire record, the court AFFIRMS only so much of the sentence as provides for a bad-conduct discharge, confinement for 11 months, forfeiture of $978.00 pay per month for 11 months, and reduction to the grade of E-1. All rights, privileges, and property, of which appellant has been deprived by virtue of that portion of the sentence set aside by this decision are ordered restored. *See* UCMJ arts. 58b(c) and 75(a).

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[6] (1) Oppressive incarceration pending appeal; (2) Particularized anxiety and concern; and (3) Impairment of ability to present a defense at rehearing.